## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

KAPPA ALPHA EDUCATIONAL )
FOUNDATION, INC., )
    Plaintiff, )
     )
     )
    v. )      C.A. No. N19M-10-175 ALR
     )
CITY OF NEWARK, a municipal )
corporation of the State of Delaware, )
    Defendant. )

Submitted: January 17, 2020
Decided: January 27, 2020

## ORDER CONTINUING STAY OF LITIGATION

By Order dated December 17, 2019, this litigation was stayed; and the Court set forth a schedule for status reports. Thereafter, by Order dated January 6, 2020, reargument was denied pursuant to Rule 59(e) of the Delaware Superior Court Rules of Civil Procedure. In addition, by Order dated January 6, 2020, the Court declined the request of Kappa Alpha Educational Foundation, Inc. ("KA") to address its efforts to obtain information from the City of Newark using FOIA.

Nevertheless, while the Court ruled that the question of appropriate zoning designation for the property located at 19 Amstel Avenue, Newark, Delaware and owned by KA (the "Property") is best addressed within the political process in the City of Newark, the Court ordered that the City of Newark file a status report no later than January 10, 2020, notifying the Court of the outcome of the January 7, 2020 Planning Commissioner meeting; identifying the next step, if any, in the zoning

process; and stating whether the City of Newark seeks an additional stay and for how long. By letter dated January 10, 2020, the City of Newark has notified the Court that the Planning Commission meeting was duly noticed and took place on January 9, 2020. According to the City of Newark, the City's Planning Department recommended a Comprehensive Plan change from "University" to low density residential classification. Counsel for both parties in this Superior Court litigation, made presentations. After deliberation, the City Planning Commission voted against recommending that the City Council amend the Comprehensive Plan to a low density residential classification. Also, according to the City of Newark, the City Council will consider the recommendation of the Planning Commission on February 24, 2020. Accordingly, the City of Newark requests that the stay of litigation continue through at least March 1, 2020.

KA opposes the relief sought by the City of Newark. By letter dated January 17, 2020, KA concedes that the political process may render this litigation moot but argues that the Court should allow at least limited discovery without which KA is unfairly disadvantaged in the political process addressing zoning.

In consideration of the relevant statutes; the Delaware Rules of Civil Procedure; applicable decisional law; the parties' various submissions and letters; and the entire record, the Court finds it is not in the interest of judicial economy for

2

the Court to address the zoning of KA's Property because the political process underway may render the Court's ruling moot. Essentially, any ruling on the merits by this Court would be an advisory opinion.[1] Moreover, Delaware statute provides enforcement mechanisms to address a citizen's access to public records[2] and it is therefore neither necessary nor appropriate for this Court to intervene in the FOIA request process.

**NOW, THEREFORE, this 27th day of January, 2020, this litigation remains STAYED. The City of Newark shall file a status report no later than February 26, 2020**, notifying the Court of the outcome of the February 24, 2020 City Council meeting; identifying the next step, if any, in the zoning process; and stating whether the City of Newark seeks an additional stay and for how long. **KA may respond no later than March 5, 2020**. Thereafter, the Court will notify the parties whether the stay shall remain in effect or be lifted.

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

**The Honorable Andrea L. Rocanelli**

---

[1] *See Howell v. Justice of Peace Court No. 16*, 2007 WL 2319147, at *9 (Del. Super. July 10, 2007) (declining to address moot issues "since doing so would require the rendition of a non-dispositive, advisory opinion").

[2] *See* 29 *Del. C.* § 10005(b).